UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD LECH II, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RONALD LECH III, on behalf of himself and all others similarly situated

    Plaintiff,

v.   Case No: 8:19-cv-2983-T-35TGW

STATE FARM LIFE INSURANCE COMPANY,

    Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant State Farm Life Insurance Company's Motion to Dismiss Amended Class Action Complaint, (Dkt. 39), Plaintiff's response in opposition thereto, (Dkt. 46), Defendant's unauthorized reply in support[1], (Dkt. 47), and Plaintiff's Motion for Leave to File Sur-Reply. (Dkt. 48) Upon consideration of the relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** that Defendant's Motion to Dismiss is **DENIED**. Plaintiff's Motion for Leave to File a Sur-Reply is **DENIED AS MOOT**.

---

[1] The Middle District of Florida Local Rules prohibit a party from filing any reply directed towards a motion or response without leave of court. See M.D. Fla. Loc. R. 3.01(d) (amended as of Feb. 1, 2021) (formerly M.D. Fla. Loc. R. 3.01(c)).

1

I.    BACKGROUND

On February 18, 2020, Plaintiff Ronald Lech II, as personal representative of the estate of Ronald Lech III ("Plaintiff") filed an Amended Class Action Complaint against Defendant, State Farm Life Insurance Company ("Defendant") alleging four causes of action (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) conversion, and (4) declaratory relief based on Defendant's having forced Plaintiff and the putative class members to pay unlawful and excessive cost of insurance rates ("COI Rates") pursuant to a universal life insurance policy issued by Defendant using FORM-94030 ("Subject Policies"). (Dkt. 34 at 19–22)

Ronald Lech III entered into one of the Subject Policies, which became effective on October 20, 2002. (Dkt. 34 at ¶ 11; Dkt 34-1) Ronald Lech III passed away on June 5, 2007, and State Farm paid $54,174.39, which was the amount payable under Lech's Policy at the time of death with interest. (Dkt. 34 at ¶ 11) Plaintiff alleges that Defendant has issued the Subject Policies in the United States using standardized contracts recognized as FORM-94030 for more than a decade—from January 1, 1994 to June 30, 2004. (Id. at ¶ 16) Further, Plaintiff contends that Defendant continues to accept payments from FORM-94030 from approximately 540,000 policyholders in the United States. (Id.)

Much of the matter at issue is related to Defendant's Cost of Insurance charge found within the Subject Policies. Lech's Policy, as well as other Subject Policies, expressly defines how the Cost of Insurance charge is determined and calculated monthly. (Id. at ¶¶ 23–25) According to the terms of the Subject Policies, the factors

2

Defendant may use to determine its monthly COI Rates for each policy year are "the Insured's age on the policy anniversary, sex, and applicable rate class." (Id. at ¶ 25) Plaintiff contends that Defendant breached its contracts with Plaintiff and the putative class members by considering impermissible factors in setting the COI Rates, including expense experience, persistency, taxes, profit assumptions, investment earnings, capital and reserve requirements, and other unspecified factors. (Id. at ¶¶ 32–34) Plaintiff further alleges that Defendant failed to reduce its Cost of Insurance charges "in light of the well-established decreased mortality rates." (Id. ¶¶ 50, 69) Plaintiff alleges that Defendant fraudulently concealed the information and equations for computing its COI Rates which tolls the statute of limitations for Plaintiff and the putative class. (Id. at ¶ 53)

Defendant has moved to dismiss the Amended Complaint, raising two grounds for dismissal. (Dkt. 39) First, Defendant argues that Plaintiff's claims are time-barred. (Id. at 4–9) Second, Defendant argues that Plaintiff's claims are barred by the filed-rate doctrine. (Id. at 9–11) Defendant filed a reply in support of its Motion to Dismiss without leave of Court, (Dkt. 47), and Plaintiff filed a Motion for Leave to File a Sur-Reply Brief. (Dkt. 48) Having considered the Parties respective filings and having reviewed the applicable law, the Court concludes that factual issues preclude a resolution of either argument on a motion to dismiss. As such, Defendant's Motion to Dismiss is due to be denied and no further briefing is warranted.

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968–69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964–65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III. DISCUSSION

#### A. Statute of Limitations

Defendant first argues that Plaintiff's claims all fall outside of the applicable statutes of limitations. (Dkt. 39 at 9) In Florida, the statutes of limitations for claims of breach of contract and breach of the implied covenant of good faith and fair dealing are five years. Fla. Stat. § 95.11(2)(b); Brown v. Nationscredit Fin. Servs. Corp., 32 So. 3d 661, 662 n.1 (Fla. 1st DCA 2010) ("The breach of the duties of good faith and fair dealing is a claim arising from the parties' contractual relationship and, therefore, subject to a five-year statute of limitations."). Actions for declaratory relief do not have their own statute of limitations period—rather, "it is the substance of the right sued upon that governs the applicable limitations period," and the court borrows the limitations period for the most analogous cause of action. Affco N.Z. v. Am. Fine Foods Corp., 913 F. Supp. 2d 1331, 1336 n.6 (S.D. Fla. 2012). The statute of limitations for conversion is four years. Fla. Stat. § 95.11(3)(h)–(i).

Defendant contends that all of Plaintiff's claims are untimely because the complaint was filed approximately twelve years after Ronald Lech III's death, at which time his policy terminated and Defendant ceased applying COI Rates to his Policy or making any monthly deductions. (Dkts. 39 at 9, 1) Thus, absent equitable tolling, all of Plaintiff's claims would be time-barred. Plaintiff asserts, however, that the claims are not time-barred because they are tolled by State Farm's fraudulent concealment of the alleged wrongdoing. (Dkt. 46 at 5)

The Eleventh Circuit has instructed that a Rule 12(b)(6) dismissal based upon the statute of limitations is only appropriate when it is "apparent from the face of the complaint" that the claim is time-barred. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citing Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003); Carmichael v. Nissan Motor Acceptance Corp., 291 F.3d 1278, 1279 (11th Cir. 2002)). "A motion to dismiss based on the tolling of a statute of limitations can be granted only if it appears beyond a doubt that [p]laintiffs can prove no set of facts that toll the statute." Knight v. E.F. Hutton & Co., 750 F. Supp. 1109, 1112 (M.D. Fla. 1990) (citing Summer v. Land & Leisure, Inc., 664 F.2d 965 (5th Cir. 1981); Eaton v. Coal Par of West Virginia, Inc., 580 F. Supp. 572, 574 (S.D. Fla. 1984)). While the Court may grant a Rule 12(b)(6) motion if noncompliance with the statute of limitations is apparent on the face of the complaint, if noncompliance is not apparent, the Court may defer ruling on the statute of limitations issue pending further development of the factual record. See Spadaro v. City of Miramar, 855 F. Supp. 2d 1317, 1335 (S.D. Fla. 2012) (determining that the applicability of the equitable tolling doctrine "necessarily implicates factual issues which cannot be resolved on a motion to dismiss" and declining to find that a plaintiff's claims were time barred at that time). Florida courts likewise do not ordinarily consider a statute of limitations defense at the motion to dismiss stage. See Fed. Deposit Ins. Corp. v. Nationwide Equities Corp., 304 So. 3d 1240, 1243 (Fla. 3d DCA 2020) ("Affirmative defenses, such as the expiration of the statute of limitations, may not ordinarily be considered in a motion

6

to dismiss" and must instead be pled in the answer to the complaint.) (citing <u>Pontier v. Wolfson</u>, 637 So. 2d 39, 40 (Fla. 2d DCA 1994)).

"The doctrine of equitable tolling was developed to permit under certain circumstances the filing of a lawsuit that would otherwise be barred by a limitations period." <u>Machules v. Dep't of Admin.</u>, 523 So. 2d 1132, 1133 (Fla. 1988). The doctrine is generally applied where a "plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." <u>Id.</u> Fraudulent concealment tolls the statute of limitations "when it can be shown that fraud has been perpetrated on the injured party sufficient to place him in ignorance of his right to a cause of action or to prevent him from discovering his injury." <u>Burr v. Philip Morris USA, Inc.</u>, No. 8:07-CV-01429-MSS-EAJ, 2012 WL 5290164, at *3 (M.D. Fla. Sept. 28, 2012) (citing <u>Nardone v. Reynolds</u>, 333 So. 2d 25, 39 (Fla. 1976), <u>modified on other grounds</u>, <u>Tanner v. Hartog</u>, 618 So. 2d 177 (Fla. 1993)). To establish fraudulent concealment, Plaintiff must allege and establish: "(1) successful concealment of the cause of action, (2) fraudulent means to achieve that concealment, and (3) plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of his claim." <u>Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.</u>, 990 F. Supp. 2d 1254, 1272 (M.D. Fla. 2013).

Here, Plaintiff has sufficiently pleaded the elements of fraudulent concealment such that the claims survive at the motion to dismiss stage.[2] He has alleged that Defendant systematically took "inflated charges and improper amounts from Cash Values and fail[ed] to reduce COI Rates in light of the substantial improvements in mortality rates," failed to disclose the COI rates actually used to calculate the COI charges, and fraudulently concealed the true computation of the COI Rates by its explicit misrepresentation in the Subject Policies that the COI Rates were calculated "based on the Insured's age on the policy anniversary, sex, and applicable rate class." (Dkt. 34 at ¶¶ 52–53) Plaintiff further alleges that he exercised reasonable care and diligence in attempting to discover facts forming the basis of his claims but "had no reason to believe [Defendant] was not computing his COI Rate as it said it would in the information provided to [him] and the Class." (Id. at ¶ 53) Thus, he did not learn of Defendant's breaches until approximately summer of 2019. (Id. at ¶ 54) Moreover, because of the complexity of the COI Rate calculations, Plaintiff suggests that no reasonable consumer was on notice or understood that Defendant was breaching the terms of the Subject Policies.[3] (Dkt. 46 at 9)

---

[2] Plaintiff points out that two other courts have rejected very similar time-barred arguments raised by Defendant, finding that no lay person could have understood that Defendant was breaching its contracts. (Dkt. 46 at 5–6 (citing Vogt v. State Farm Life Ins. Co., No. 2:16-cv-04170-NKL, 2018 WL 1747336, at *9 (W.D. Mo. Apr. 10, 2018) (denying State Farm's Motion for Summary Judgment); Bally v. State Farm Ins. Co., No. 18-cv-04954-CRB, 2019 WL 3891149, at *4 (N.D. Cal. Aug. 19, 2019) (finding that there was "no basis to conclude that the annual notices put [plaintiff] – or any policyholder – on notice that the [Cost of Insurance] was calculated 'based on' unlisted factors" and concluding that the breach of contract claim was not time barred)))

[3] The Court notes that Plaintiff's allegations are also sufficient to invoke the delayed discovery doctrine, which "delays the accrual of a cause of action, meaning a cause of action is not complete and the statute of limitations does not begin to run, until the blameless plaintiff discovers (or

As such, it is not apparent from the face of the Amended Complaint that Plaintiff's claims are time-barred. Accepting Plaintiff's allegations as true, as the Court must when analyzing a Motion to Dismiss, Plaintiff has successfully pleaded fraudulent concealment sufficient to potentially toll the statute of limitations, and the Motion to Dismiss on this ground is **DENIED**.

### B. The Filed-Rate Doctrine

Defendant next argues that Plaintiff's claims are barred by the filed-rate doctrine. (Dkt. 39 at 9–11) The filed-rate doctrine "precludes any judicial action which undermines agency rate-making authority." Patel v. Specialized Loan Servicing, LLC, 904 F.3d 1314, 1317 (11th Cir. 2018) (quoting Hill v. BellSouth Telecomms., Inc., 364 F.3d 1308, 1317 (11th Cir. 2004)). "Where the legislature has conferred power upon an administrative agency to determine the reasonableness of a rate, the rate-payer 'can claim no rate as a legal right that is other than the filed rate[.]'" Taffet v. Southern Co., 967 F.2d 1483, 1494 (11th Cir. 1992) (en banc) (quoting Montana-Dakota Utils. Co. v. Nw. Pub. Serv. Co., 71 S. Ct. 692, 695 (1951)). Two rationales underlie the filed-rate doctrine: the nondiscrimination principle and the nonjusticiability principle. Patel, 904 F.3d at 1321 (citations omitted). The filed-rate doctrine "is applied strictly to prevent a plaintiff from bringing a cause of action even in the face of apparent

---

reasonably should have discovered) a violation has occurred." Butler Univ. v. Bahssin, 892 So. 2d 1087, 1092 n.3 (Fla. 2d DCA 2004). Unlike the fraudulent concealment doctrine, which "operates to prevent defendants from benefitting from a statute of limitations when their own wrongdoing delays filing of a cause of action," the delayed discovery doctrine "does not require a deceptive defendant so much as a blameless plaintiff." Id.

inequities . . . ." Hill, 364 F.3d at 1316 (quoting Marcus v. AT&T Corp., 138 F.3d 46, 59 (2d Cir. 1998)).

The filed-rate doctrine precludes two types of suits. Patel, 904 F.3d at 1322. "First, and most obviously, direct challenges to a filed rate are barred because, if successful, they necessarily violate the nonjusticiability principle." Id. (citing Hill, 364 F.3d at 1317). Second, facially-neutral challenges "are barred when an award of damages 'would effectively, change the rate paid by the customer [plaintiff] to one below the filed-rate paid by other customers or 'would, in effect, result in a judicial determination of the reasonableness of that rate[.]" Id. (citing Hill, 364 F.3d at 1316–17). When determining whether the filed-rate doctrine bars a cause of action, the Eleventh Circuit has instructed courts to first examine whether the complaint facially attacks a filed rate. Id. at 1323. Second, if the complaint does not facially attack a rate, courts "must determine whether the cause of action effectively contests the inclusion of certain charges in (or the omission of certain discounts from) a rate filed with the appropriate administrative agency." Id.

The limited scope of the filed-rate doctrine has been emphasized by the Supreme Court to "preclude damage claims only where there are validly filed rates." Florida Mun. Power Agency v. Florida Power & Light Co., 64 F.3d 614, 616 (11th Cir. 1995). The Eleventh Circuit has addressed the filed-rate doctrine barring claims at the pleadings stage in several cases. Hill, 364 F.3d at 317; In re Olympia Holding Corp., 88 F.3d 952, 962 (11th Cir. 1996); Taffet, 967 F.2d at 1495.

Here, Defendant argues that the "crux" of Plaintiff's claims is that Defendant "based the COI [R]ates it applied to Form 94030 on ostensibly impermissible considerations, thereby applying higher COI [R]ates to the policies than the policies allowed." (Dkt. 39 at 13–14) Plaintiff argues that the filed-rate doctrine does not apply because "State Farm does not claim that it filed its adjustments to its COI Rates (which are at issue in this suit) with the Office of Insurance Regulation . . . ." (Dkt. 46 at 16) As such, Plaintiff contends that "the government did not, and could not, approve these rates," rendering the filed-rate doctrine irrelevant. (Id.)

Defendant submitted with its Motion to Dismiss the signed declaration of Carl Streily, asserting that "State Farm submitted copies of Florida Form 94030-10, each of which included a table providing the cost of insurance ("COI") rates that State Farm could apply to policies issued on that form, to the Florida [Department of Insurance][4] on July 30, 1993." (Dkt. 40 at ¶ 4) That declaration also asserts that the "Florida [Department of Insurance] sent State Farm a letter stating that 'the rates have been approved as filed' and advising State Farm that the Life Forms Section of the [Department of Insurance] would separately notify State Farm when they had completed their review of the policy form." (Dkt. 40 at ¶ 5)

Documents submitted by a defendant with a motion to dismiss may be considered by the court if "the plaintiff refers to [those] documents in the complaint and those documents are central to the plaintiff's claim." Brooks v. Blue Cross and

---

[4] Defendant notes that the Florida Department of Insurance is now called the Florida Office of Insurance Regulation. (Dkt. 40 at ¶ 4)

11

Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). Here, Plaintiff does not refer to any documents submitted to the Florida Department of Insurance in his Amended Complaint. (Dkt. 34) Thus, the Court finds that it is improper to consider these documents at the motion to dismiss stage. Moreover, although Defendant provided copies of both the cover letter submitted to the Florida Department of Insurance enclosing the policy form as well as what it claims is the Florida Department of Insurance approval cover letter, no copy of the Cost of Insurance tables allegedly included in the submission has been furnished.

The Court finds that, because it would have to consider matters outside the pleadings to decide the issue of whether the filed-rate doctrine bars Plaintiff's claim, it is premature to resolve the matter on a Motion to Dismiss. See Houston v. Centene Mgmt. Co., LLC, No. 19-civ-20620-RAR, 2019 WL 7971713, at *2 (S.D. Fla. Oct. 20, 2019) (finding it premature to preclude plaintiffs' breach of contract claims pursuant to the filed-rate doctrine at the pleading stage). As such, Defendant's Motion to Dismiss on this ground is **DENIED**.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss, (Dkt. 39), is **DENIED.**

2. Plaintiff's Motion for Leave to File a Sur-Reply, (Dkt. 48), is **DENIED AS MOOT.**

3. Defendant shall file an answer to the Amended Complaint within **fourteen (14) days** of the date of this Order.

**DONE and ORDERED** in Tampa, Florida, this 23rd day of February 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party