## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RONALD LECH II, as Personal
Representative of The Estate of Ronald
Lech III, on behalf of himself and all other
similarly situated,

       Plaintiff,

vs.

STATE FARM LIFE INSURANCE
COMPANY,

       Defendant.

CASE NO.
8:19-cv-02983-MSS-TGW

## DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

### I.    INTRODUCTION

In 2008, Plaintiff Ronald Lech, II ("Mr. Lech"), released all claims against Defendant State Farm Life Insurance Company related in any way to life insurance policy number LF-2033-9948. In 2019, Mr. Lech filed this lawsuit asserting claims against State Farm related to the same policy. The Court should grant summary judgment to State Farm on all claims because Mr. Lech's broad and unambiguous Release bars those claims.

### II.    UNDISPUTED MATERIAL FACTS

1.    In 2002, Mr. Lech's son, Ronald Lech III, obtained a State Farm life insurance policy with policy number LF-2033-9948. (Am. Compl. ¶ 11).

2.      On June 5, 2007, Ronald Lech III died. (Am. Compl. ¶ 11).

3.      In 2008, State Farm paid $54,174.39 on policy number LF-2033-9948. (Am. Compl. ¶ 11).

4.      In consideration of State Farm's payment of $54,174.39, Mr. Lech executed a notarized Release of claims against State Farm. (Exh. A at 1).

5.      Mr. Lech executed the Release "individually and as the personal representative of the Estate of Ronald W. Lech, III." (Exh. A at 1).

6.      Mr. Lech "release[d] every imaginable claim, in the past, present or future, including claims for breach of contract, statutory violations, 'bad faith,' and attorney fees and costs against STATE FARM, its agents, employees and attorneys, related in any way to policy number LF-2033-9948." (Exh. A at 1-2).

7.      In 2019, Mr. Lech filed this lawsuit, "as personal representative for Ronald Lech III," asserting claims against State Farm related to policy number LF-2033-9948. (Am. Compl. at 1 and 19 and ¶ 11).

## III.   ADDITIONAL FACTUAL BACKGROUND

Although not material to granting State Farm's motion, the following facts provide additional background.

After Ronald Lech III's death, Mr. Lech was appointed as personal representative or administrator of the Estate of Ronald Lech III by a Michigan court

2

in July 2007. (Exh. B. at P.02).[1] In that same month, Marion Blain filed a lawsuit in Florida state court against State Farm and Mr. Lech, alleging that State Farm breached the policy by failing to pay the proceeds of the policy to Blain and that Mr. Lech interfered with the contract between State Farm and Blain. *Id.* In September 2007, Mr. Lech filed a lawsuit in Michigan state court against Blain alleging breach of contract and other claims. That lawsuit was later amended to add Melissa Hatfield as a plaintiff and to add State Farm as a defendant. *Id.* at P.02-P.03.

In October 2007, State Farm filed a lawsuit in this Court against Mr. Lech, the Estate, Blain and Hatfield seeking interpleader of the proceeds of the insurance policy. *Id.* at P.03. In that lawsuit, Blain filed counterclaims against State Farm and crossclaims against Mr. Lech. *Id.*

In March 2008, Mr. Lech, Blain and Hatfield entered into a Settlement Agreement in which each of the three released his or her claims against the other two. (Exh. B). The three also agreed to execute a Release of claims against State Farm and attached the form of the Release as Exhibit A to the Settlement Agreement. *Id.* at P.07 and P.15-P.16. Mr. Lech executed the Settlement Agreement

---

[1] As described herein, Exhibit B is a Settlement Agreement executed with notary in 2008 by Mr. Lech in connection with his Release of claims against State Farm. The executed copy in State Farm's files contains a facsimile artifact that obscures some of the text. An unobscured unexecuted copy of the Settlement Agreement is attached for the Court's reference at Exhibit C.

"individually, and as personal representative or administrator of the estate of Ronald W. Lech, III." *Id.* at P.12.

## IV.   PROCEDURAL BACKGROUND

Mr. Lech filed this putative class action in December 2019 with two proposed class representatives (Lech and Gonzalez) seeking to represent a single class of Florida and Texas policyholders. (ECF 1). Mr. Lech filed an Amended Complaint in February 2020 dropping Gonzalez and the Texas portion of the putative class. (ECF 34). The Amended Complaint alleges two breach of contract claims and claims for violation of good faith and fair dealing, conversion, and declaratory relief, all related to policy number LF 2033-9948.

State Farm moved to dismiss the Amended Complaint on two grounds: 1) statute of limitations because the cost of insurance deductions stopped in 2007 when the insured died; and 2) filed-rate doctrine because the Florida Department of Insurance had approved the rates as filed. (ECF 39). In February 2021, the Court denied the motion because "factual issues preclude a resolution of either argument on a motion to dismiss." (ECF 60 at 3). State Farm filed an Amended Answer, which included as an affirmative defense that Plaintiff "has released the claims set forth in the Amended Complaint." (ECF 68 at 41).

## V.    MEMORANDUM OF LAW

### A.    Summary Judgment Standard

Summary judgment is proper when "there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the initial burden of demonstrating the basis for its motion and identifying the portions of the record that reveal an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606 (11th Cir. 1991). Once the moving party has carried its burden, the non-moving party must present the court with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). The non-movant may not rest upon the pleadings but must identify specific facts that establish genuine issues for trial. *Celotex*, 477 U.S. at 325.

### B.    Mr. Lech's Broad Release Bars His Claims Against State Farm

The plain language of the Release signed by Mr. Lech bars the claims he asserts against State Farm in this lawsuit and entitles State Farm to summary judgment. Courts in Florida routinely grant summary judgment based on unambiguous releases. *See Little v. Seterus, Inc.*, No. 16-cv-60700-BLOOM/Valle, 2017 U.S. Dist. LEXIS 21266 (S.D. Fla. Feb. 13, 2017); *Clear Marine Ventures, Ltd. v. Cazadores, Inc.*, No. 08-22418-CIV-MORE, 2010 U.S. Dist. LEXIS 148213,

(S.D. Fla. Jan. 26, 2010), *adopted in Clear Marine Ventures, Ltd. v. Brunswick Corp.*, 2010 U.S. Dist. LEXIS 148211 (S.D. Fla. Mar. 18, 2010).

In *Little*, for example, Judge Bloom of the Southern District granted summary judgment to a defendant in a lawsuit about the servicing of a residential mortgage loan because the plaintiff had previously released "any and all claims . . . resulting directly or indirectly from or arising in any way out of the Loan." *Little*, 2017 U.S. Dist. LEXIS 21266, at **6-7. The Court started its analysis with the bedrock principles that required the Court to enforce the release as written:

> "Releases are a form of contract, and therefore, must be interpreted pursuant to contract law." *Allapattah Servs., Inc. v. Exxon Corp.*, 188 F.R.D. 667, 682 (S.D. Fla. 1999) (internal citations omitted). "A party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).

*Id.* at *6.

Not disputing the general effect of the release, the plaintiff's only argument was that he had not released future claims. But Judge Bloom rejected that because of explicit language releasing "unknown or future" claims. *Id.* at **7-8; *see also id.* at *9 (noting release of "any future claims, per the terms of the Agreement"). The court ruled that all claims, including breach of contract claims, "f[e]ll squarely within the language of the releases . . . and are barred. The plain language of the Settlement Agreement compels this result and the Court may not rewrite those terms." *Id.* at *9; *accord Clear Marine Ventures*, 2010 U.S. Dist. LEXIS 148213, at

*11 (granting summary judgment because the "broad language encompasses [plaintiff's] claim").

Similarly here, the broad language of Mr. Lech's Release of all claims— "past, present or future"—encompasses and bars all claims in this lawsuit. The language of the Release is unambiguous; Mr. Lech released

> every imaginable claim, in the past, present or future, including claims for breach of contract, statutory violations, 'bad faith,' and attorney fees and costs against STATE FARM, its agents, employees and attorneys, related in any way to policy number LF-2033-9948.

And it is unambiguous that all claims in this lawsuit relate to the same policy. Mr. Lech alleges that his "claims and those of the proposed class are exclusively supported by the plain language of the Subject Policy." (ECF 34 at ¶ 3). And Mr. Lech identifies his "Subject Policy with State Farm" as "Policy No. LF-2033-9948," *id.* at ¶ 11, the same policy number listed in the Release.  Mr. Lech's 2008 release of all claims against State Farm related to that policy bars his current lawsuit against State Farm for claims related to the same policy.

## VI.   CONCLUSION

Mr. Lech's Release bars all claims that he seeks to assert in this lawsuit, and the Court should grant summary judgment to State Farm on all counts.

*[SIGNATURE LINE ON NEXT PAGE]*

July 6, 2021                          */s/ John W. Weihmuller, Esq.*
                                      John W. Weihmuller, Esq.
                                      Florida Bar No. 0442577
                                      BRIAN D. WEBB, ESQ.
                                      Florida Bar No.: 0073989
                                      **Butler Weihmuller Katz Craig LLP**
                                      400 N. Ashley Drive, Suite 2300
                                      Tampa, FL 33602-4327
                                      Telephone: (813) 281-1900
                                      Facsimile: (813) 281-0900
                                      Email: jweihmuller@butler.legal
                                             bwebb@butler.legal

                                      Cari K. Dawson (*pro hac vice*)
                                      Tiffany L. Powers (*pro hac vice*)
                                      **Alston & Bird LLP**
                                      One Atlantic Center
                                      1201 West Peachtree Street
                                      Suite 4900
                                      Atlanta, GA 30309-3424
                                      Telephone: (404) 881-7000
                                      Facsimile: (404) 881-7777
                                      Email: Cari.Dawson@alston.com
                                      Email: Tiffany.Powers@alston.com
                                      *Attorneys for Defendant*
                                      *State Farm Life Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by electronic

notification generated by CM/ECF system on July 6, 2021, on all counsel of record.

                                      s/John W. Weihmuller, Esq.
                                      JOHN W. WEIHMULLER, ESQ.