# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is entered in[to] between **MARION BLAIN**, individually; **RONALD W. LECH, II**, individuall[y;] **MELISSA HATFIELD**, individually; **RONALD W. LECH, II**, as person[al] representative or administrator of the Estate of Ronald W. Lech, III, deceased.

**FACTUAL RECITATIONS:**

A life insurance policy was purchased from State Farm Life Insurance Compan[y] ("State Farm"), policy number LF-1631-8104 dated August 25, 1998 in the amount [of] $50,000.00. Ronald W. Lech, III ("Lech III") was the insured party. In 2002, the poli[cy] was converted to a universal life policy, policy number LF-2033-9948 dated October 2[, ] 2002 (the "Policy").

On June 5, 2007, Lech III died.

On June 20, 2007, a petition was filed to commence probate of the Estate of Le[ch] III (the "Michigan probate case"). Notice of filing of the petition was provided to Lech [II] and Blain. Lech II was appointed as personal representative or administrator of the Esta[te] ("Estate") without objection on July 18, 2007.

On July 17, 2007, Marion Blain ("Blain") filed a lawsuit (the "Florida state cou[rt] case") against State Farm and Lech II, alleging, *inter alia*, that State Farm breached t[he] contract by failing to pay the proceeds of the policy to Blain, and that Lech II interfer[ed] with the contract between State Farm and Blain. On January 18, 2008, Blain voluntar[ily] dismissed the Florida state court case.

On September 14, 2007, Lech II filed a lawsuit (the "Michigan state court case")

Initials:

_____ Marion Blain  
_MH_ Melissa Hatfield

_____ Ronald W. Lech, II

**EXHIBIT B**

Settlement Agreement
Page Two

against Blain, alleging, *inter alia*, that Blain engaged in breach of contract, intention[al] infliction of emotional distress and fraud in the inducement. That Complaint was lat[er] amended on November 1, 2007 to include claims by Melissa Hatfield ("Hatfield") a[nd] the Estate against Blain and for the proceeds of the Policy. State Farm was also added [as] a party defendant.

On October 10, 2007, State Farm filed a lawsuit (the "Federal case") again[st] Blain, Lech II, the Estate and Hatfield, seeking interpleader of the proceeds of t[he] insurance policy. Blain, filed counterclaims against State Farm and cross claims again[st] Lech II.

The parties intend and desire that their relations be finally resolved by th[is] Agreement in order to settle and determine in all respects and for all purposes, the claims and demands in such a manner that any action with respect to the rights a[nd] obligations, past and present, of all parties with respect to the others, be finally a[nd] conclusively settled and determined by this Agreement.

NOW, THEREFORE, in consideration of the premises and the mutual promis[es] and undertakings contained in this Agreement, and other good and valuab[le] consideration, the parties agree as follows:

1.   **MUTUAL RELEASES:**

A.   Releases by Marion Blain:

1)   Blain, individually (including, without limitation, her heirs, successors,

Initials:
_____   Marion Blain          _____ Ronald W. Lech, II
_____   Melissa Hatfield

Settlement Agreement
Page Three

and assigns, and anyone claiming by, through or under her), for and in consideration

the mutual promises referenced in this Agreement, the receipt of which is acknowledge

by the parties, does fully remise, release, acquit, and forever discharge Lech

individually (including, without limitation, his heirs, successors, and assigns, jointly a

severally) from any and all rights, claims, demands, damages, actions, and causes

action, of any nature whatsoever, whether arising at law, in equity or in an administrati

context, which Blain may have had or may now have up to the date of this Settleme

Agreement, against Lech II in connection with any relationship between Blain and Le

II, which existed prior to or through the date of this Agreement.

2) Blain, individually (including, without limitation, her heirs, successor

and assigns, and anyone claiming by, through or under her), for and in consideration

the mutual promises referenced in this Agreement, the receipt of which is acknowledge

by the parties, does fully remise, release, acquit, and forever discharge Hatfiel

individually (including, without limitation, her heirs, successors, and assigns, jointly a

severally) from any and all rights, claims, demands, damages, actions, and causes

action, of any nature whatsoever, whether arising at law, in equity or in an administrati

context, which Blain may have had or may now have up to the date of this Settleme

Agreement, against Hatfield, in connection with any relationship between Blain a

Hatfield, which existed prior to or through the date of this Agreement.

3) Blain (including, without limitation, her heirs, successors, and assigns, a

anyone claiming by, through or under her), for and in consideration of the mutual

Initials:

_MH_     Marion Blain
         Melissa Hatfield

 _____     Ronald W. Lech, II

Settlement Agreement
Page Four

promises referenced in this Agreement, the receipt of which is acknowledged b[y] the parties, does fully remise, release, acquit, and forever discharge the Estate and Lec[h] II, as personal representative or administrator of the Estate (including, without limitatio[n,] the estate's successors and assigns, jointly and severally) from any and all rights, claim[s,] demands, damages, actions, and causes of action, of any nature whatsoever, wheth[er] arising at law, in equity or in an administrative context, which Blain may have had [or] may now have up to the date of this Settlement Agreement, against Lech, II, as person[al] representative or administrator of the Estate and the Estate in connection with a[ny] relationship between Blain and the Estate which existed prior to or through the date [of] this Agreement.

B. Releases by Lech II:

1) Lech II, individually, (including, without limitation, his heirs, successors, a[nd] assigns, and anyone claiming by, through or under him), for and in consideration of t[he] mutual promises referenced in this Agreement, the receipt of which is acknowledged b[y] the parties, does fully remise, release, acquit, and forever discharge Blain, individuall[y] (including, without limitation, her heirs, successors, and assigns, jointly and severall[y)] from any and all rights, claims, demands, damages, actions, and causes of action, of a[ny] nature whatsoever, whether arising at law, in equity or in an administrative contex[t,] which Lech II, may have had and may now have up to the date of this Settleme[nt] Agreement, against Blain, in connection with any relationship between Lech II, and Blai[n]

Initials:

 _MH_         Marion Blain
              Melissa Hatfield

         Ronald W. Lech, II

Settlement Agreement
Page Five

which existed prior to or through the date of this Agreement.

2) Lech II, as personal representative or administrator of the Estate and the Estate (including, without limitation, the Estate's successors, and assigns, and anyone claiming by, through or under the Estate), for and in consideration of the mutual promises referenced in this Agreement, the receipt of which is acknowledged by the parties, does fully remise, release, acquit, and forever discharge Blain, individually (including, without limitation, her heirs, successors, and assigns, jointly and severally) from any and all rights, claims, demands, damages, actions, and causes of action, of any nature whatsoever, whether arising at law, in equity or in an administrative context, which Lech II, as personal representative or administrator of the Estate and the Estate may have had and may now have up to the date of this Settlement Agreement, against Blain, in connection with any relationship between Blain and the Estate, which existed prior to or through the date of this Agreement.

C. Releases by Melissa Hatfield:

1) Hatfield, individually, (including, without limitation, her heirs, successors, and assigns, and anyone claiming by, through or under her), for and in consideration of the mutual promises referenced in this Agreement, the receipt of which is acknowledged by the parties, does fully remise, release, acquit, and forever discharge Blain, individually (including, without limitation, her heirs, successors, and assigns, jointly and severally) from any and all rights, claims, demands, damages, actions, and causes of action, of any

Initials:

_____  Marion Blain
*/s/*   Melissa Hatfield

 Ronald W. Lech, II

Settlement Agreement
Page Six

nature whatsoever, whether arising at law, in equity or in an administrative context, which Hatfield may have had and may now have up to the date of this Settlement Agreement, against Blain, in connection with any relationship between Hatfield and Blain which existed prior to or through the date of this Agreement.

2. **RELEASE OF STATE FARM:** Contemporaneously with the execution of this Agreement, the parties will execute a release in the form attached hereto as Exhibit A which the parties acknowledge directs State Farm to disburse the proceeds of the Policy, to be made payable and to the Siciliano Mychalowych Van Dusen and Feul Client Trust Account, for disbursement solely as directed by Lech II, and Hatfield. Blain releases any and all claims to the proceeds of the Policy.

3. **DISMISSAL OF ALL PENDING LITIGATION, WITH PREJUDICE:** Contemporaneously with the execution of this Agreement, the respective parties shall dismiss the Michigan state court case, the Federal case and any proceeding in the Michigan probate court case, and any and all pending litigation, with prejudice, with each party to bear their own costs and attorney's fees. The parties direct their counsel to enter Orders in the form of Exhibit B and Exhibit C.

4. **MODIFICATION:** Any modification of this Agreement must be in writing and signed by all parties to be enforceable.

5. **ATTORNEY'S FEES, COSTS AND SUIT MONEY:** Each party will be responsible for their own attorney's fees, costs and suit money.

Initials:

_____    Marion Blain
  _/s/_      Melissa Hatfield          _/s/_   Ronald W. Lech, II

Settlement Agreement
Page Seven

6. **REMEDIES UPON DEFAULT:** In the event any party to th[is] Agreement defaults in any obligations hereunder, the party in default shall be liable to t[he] non-defaulting party for damages or specific performance of all obligations contain[ed] herein. Additionally, the defaulting party shall be liable to the non-defaulting party f[or] all reasonable expenses incurred in enforcing this Agreement or the obligations creat[ed] hereunder, including reasonable attorney's fees of whatever nature (including appella[te] and bankruptcy attorney's fees).

7. **INDEPENDENT LEGAL COUNSEL:** Each party has (or has be[en] advised) to seek independent legal advice by counsel of his or her own selection in t[he] negotiation of this Agreement. Each party fully understands the facts and has be[en] informed fully as to his or her legal rights and obligations. Each party is signing t[his] Agreement freely and voluntarily, intending to be bound by it.

8. **ENTIRE AGREEMENT:** Each party understands that this Agreeme[nt] constitutes the entire agreement between the parties and supersedes any pri[or] understandings or agreements made by them on the subjects covered in this Agreement.

9. **NECESSARY DOCUMENTS:** The parties hereto shall execute a[nd] deliver to the other party or their agents, any documents which may be required to car[ry] out and accomplish the intention of this Agreement and each of the parties shall do a[ll] other necessary things to accomplish that end. If either party shall fail to comply with t[he] provisions of this Agreement or any of the mandatory requirements contained herein,

Initials:

_____ Marion Blain
_____ Melissa Hatfield

_____ Ronald W. Lech, II

Settlement Agreement
Page Eight

then this Agreement shall constitute an actual grant, assignment and conveyance of such property rights in such matters and with such force and effect as may be necessary.

10. **CONSTRUCTION AND VENUE:** In the event disputes arise concerning this Agreement, the parties agree that any of them may petition the Oakland County Circuit Court for recourse, which court shall have exclusive jurisdiction and venue in this matter.

11. **CHOICE OF LAW:** The laws of the State of Michigan shall govern the validity, construction, interpretation and effect of this Agreement.

12. **INTERPRETATION OF HEADINGS:** The headings of the Agreement are for the convenience of reference only and shall not affect the interpretation hereof.

13. **COUNTERPARTS:** This Agreement may be executed in counterparts, each of which shall be considered an original hereof.

14. **EFFECTIVE DATE:** This Agreement is effective as of the date of its execution by all parties as indicated below.

15. **SEVERABILITY:** In the event that any Court declares any provision of this Agreement to be unenforceable, the parties agree that the remaining provisions of the Agreement shall be enforced.

16. **OPPORTUNITY TO SEEK ADVICE FROM ACCOUNTANT:** The parties acknowledge by the execution of this Agreement that they have had the opportunity to have this document examined and/or reviewed by an independent

Initials:

_____ Marion Blain
_MH_   Melissa Hatfield

_____ Ronald W. Lech, II

Settlement Agreement
Page Nine

accountant or certified public accountant of their own choice. The parties acknowled[ge]

by the execution of this Agreement that each party had or has had the opportunity to ha[ve]

an examination prepared by an independent accountant or certified public accountant [of]

their own choice prior to the execution of this Agreement. The parties acknowledge tha[t]

they have received no advice or opinion regarding the accounting or tax consequenc[es]

from attorney James R. "Rusty" Franklin, Esquire of The Franklin Law Firm, P.[A.]

(counsel for Blain), or Timothy R. Van Dusen of Siciliano Mychalowych Van Dusen a[nd]

Feul (counsel for Lech II and Hatfield) which may arise as a result of the execution [of]

this Agreement.

**[SIGNATURE PAGES TO FOLLOW]**

Initials:
           Marion Blain                    Ronald W. Lech, II
           Melissa Hatfield

## EXECUTION PAGE BY MARION BLAIN

Dated this ___ day of March, 2008.

_____
**MARION BLAIN**

**BEFORE ME**, the undersigned Notary Public, personally appeared MARION BLAIN, who [ ] is personally known to me or [ ] produced _____ identification, and who did take an oath.

**DATED** this _____ day of _____, 2008.

(notarial seal)

_____
**NOTARY PUBLIC**
**STATE OF FLORIDA**
Printed Name: _____

## EXECUTION PAGE BY RONALD L. LECH, II, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OR ADMINISTRATOR OF THE ESTATE OF RONALD W. LECH, III

Dated this 24 day of March, 2008.

_____
RONALD W. LECH, II

BEFORE ME, the undersigned Notary Public, personally appeared RONALD W. LECH, II, who [X] is personally known to me or [ ] produced _____ as identification, and who did take an oath.

DATED this 24 day of March, 2008.

(notarial seal)

_____
NOTARY PUBLIC
STATE OF MICHIGAN
Printed Name: _____

TONI A. LATTIMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 23, 2012
ACTING IN COUNTY OF OAKLAND

## EXECUTION PAGE BY MELISSA HATFIELD

Dated this 24 day of March, 2008.

*Melissa L Hatfield*
MELISSA HATFIELD

BEFORE ME, the undersigned Notary Public, personally appeared MELISSA HATFIELD, who [ X ] is personally known to me or [  ] produced _____ as identification, and who did take an oath.

DATED this 24 day of March, 2008.

(notarial seal)

*Toni A Lattimer*
NOTARY PUBLIC
STATE OF MICHIGAN
Printed Name: _____

TONI A. LATTIMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 23, 2012
ACTING IN COUNTY OF OAKLAND

2033-9948    23L

# EXHIBIT A

## RELEASE

WHEREAS, this Release represents the final settlement of disputed claims made by MARION BLAIN, RONALD W. LECH, II (individually and as the personal representative of the Estate of Ronald W. Lech, III), MELISSA HATFIELD, and THE ESTATE OF RONALD W. LECH, III (the "CLAIMANTS"), concerning the duties and liabilities of STATE FARM LIFE INSURANCE COMPANY ("STATE FARM"):

AND, WHEREAS, the CLAIMANTS and STATE FARM desire to resolve controversy, avoid further litigation and buy their peace;

NOW, THEREFORE, the CLAIMANTS and STATE FARM agree:

FOR AND IN CONSIDERATION of payment by STATE FARM of $54,174.39 to the Siciliano Mychalowych Van Dusen and Feul PLC Client Trust Account, plus other good and valuable consideration, receipt of which hereby is acknowledged, the CLAIMANTS release and discharge STATE FARM from all claims of every kind which were made, or which could have been made, in the matters of *State Farm Life Insurance Company v. Marion Blain, Ronald W. Lech, II, Melissa Hatfield and Estate of Ronald W. Lech, III*, CASE NO: 8:07-cv-01849-T-17TGW, in the United States District Court, Middle District of Florida; *Marion Blain v. Ronald W. Lech, II and State Farm Life Insurance Company*, CASE NO: 53 2007 CA 003873 0000-00, in the Tenth Judicial Circuit, Florida State Court; and *Ronald W. Lech, II, Melissa Hatfield, Estate of Ronald W. Lech, III v. Marion Blain, State Farm Insurance*, CASE NO.: 2007-085844-CK, Circuit Court for the County of Oakland, State of Michigan. Furthermore, the CLAIMANTS release every imaginable claim, in the past, present or future, including claims for breach of contract, statutory violations, "bad faith," and attorney fees and

Apr 09 08 12:31p     SMVF Law Offices                              248 442-0518              p.16

costs against STATE FARM, its agents, employees and attorneys, related in any way

policy number LF-2033-9948.

DATED at _____, Florida, this _____ day of _____, 2008.

_____
MARION BLAIN

STATE OF FLORIDA       )
                       ) ss:
COUNTY OF              )

The foregoing instrument was acknowledged before me this _____ day

_____, 2008, by MARION BLAIN, who is personally known to

or who has produced _____ (type of identification) as identificati

and who did/did not take an oath.

_____
Notary Public
My Commission Expires:

APR-09-2008  12:34              248 442 0518              97%              P.16