# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into between MARION BLAIN, individually; RONALD W. LECH, II, individually; MELISSA HATFIELD, individually; RONALD W. LECH, II, as personal representative or administrator of the Estate of Ronald W. Lech, III, deceased.

FACTUAL RECITATIONS:

A life insurance policy was purchased from State Farm Life Insurance Company ("State Farm"), policy number LF-1631-8104 dated August 25, 1998 in the amount of $50,000.00. Ronald W. Lech, III ("Lech III") was the insured party. In 2002, the policy was converted to a universal life policy, policy number LF-2033-9948 dated October 20, 2002 (the "Policy").

On June 5, 2007, Lech III died.

On June 20, 2007, a petition was filed to commence probate of the Estate of Lech III (the "Michigan probate case"). Notice of filing of the petition was provided to Lech II and Blain. Lech II was appointed as personal representative or administrator of the Estate ("Estate") without objection on July 18, 2007.

On July 17, 2007, Marion Blain ("Blain") filed a lawsuit (the "Florida state court case") against State Farm and Lech II, alleging, *inter alia*, that State Farm breached the contract by failing to pay the proceeds of the policy to Blain, and that Lech II interfered with the contract between State Farm and Blain. On January 18, 2008, Blain voluntarily dismissed the Florida state court case.

On September 14, 2007, Lech II filed a lawsuit (the "Michigan state court case")

Initials:

_MB_    Marion Blain                          _____  Ronald W. Lech, II
_____   Melissa Hatfield



Settlement Agreement
Page Two

against Blain, alleging, *inter alia*, that Blain engaged in breach of contract, intentional infliction of emotional distress and fraud in the inducement. That Complaint was later amended on November 1, 2007 to include claims by Melissa Hatfield ("Hatfield") and the Estate against Blain and for the proceeds of the Policy. State Farm was also added as a party defendant.

On October 10, 2007, State Farm filed a lawsuit (the "Federal case") against Blain, Lech II, the Estate and Hatfield, seeking interpleader of the proceeds of the insurance policy. Blain, filed counterclaims against State Farm and cross claims against Lech II.

The parties intend and desire that their relations be finally resolved by this Agreement in order to settle and determine in all respects and for all purposes, their claims and demands in such a manner that any action with respect to the rights and obligations, past and present, of all parties with respect to the others, be finally and conclusively settled and determined by this Agreement.

NOW, THEREFORE, in consideration of the premises and the mutual promises and undertakings contained in this Agreement, and other good and valuable consideration, the parties agree as follows.

    1.    MUTUAL RELEASES:

    A.    Releases by Marion Blain:

    1)    Blain, individually (including, without limitation, her heirs, successors,

Initials:
*MB*    Marion Blain            _____ Ronald W. Lech, II
_____ Melissa Hatfield

Settlement Agreement
Page Three

and assigns, and anyone claiming by, through or under her), for and in consideration of the mutual promises referenced in this Agreement, the receipt of which is acknowledged by the parties, does fully remise, release, acquit, and forever discharge Lech II, individually (including, without limitation, his heirs, successors, and assigns, jointly and severally) from any and all rights, claims, demands, damages, actions, and causes of action, of any nature whatsoever, whether arising at law, in equity or in an administrative context, which Blain may have had or may now have up to the date of this Settlement Agreement, against Lech II in connection with any relationship between Blain and Lech II, which existed prior to or through the date of this Agreement.

2) Blain, individually (including, without limitation, her heirs, successors, and assigns, and anyone claiming by, through or under her), for and in consideration of the mutual promises referenced in this Agreement, the receipt of which is acknowledged by the parties, does fully remise, release, acquit, and forever discharge Hatfield, individually (including, without limitation, her heirs, successors, and assigns, jointly and severally) from any and all rights, claims, demands, damages, actions, and causes of action, of any nature whatsoever, whether arising at law, in equity or in an administrative context, which Blain may have had or may now have up to the date of this Settlement Agreement, against Hatfield, in connection with any relationship between Blain and Hatfield, which existed prior to or through the date of this Agreement.

3) Blain (including, without limitation, her heirs, successors, and assigns, and anyone claiming by, through or under her), for and in consideration of the mutual

Initials:
_MB_   Marion Blain                    _____ Ronald W. Lech, II
_____ Melissa Hatfield

Settlement Agreement
Page Four

promises referenced in this Agreement, the receipt of which is acknowledged by the parties, does fully remise, release, acquit, and forever discharge the Estate and Lech, II, as personal representative or administrator of the Estate (including, without limitation, the estate's successors and assigns, jointly and severally) from any and all rights, claims, demands, damages, actions, and causes of action, of any nature whatsoever, whether arising at law, in equity or in an administrative context, which Blain may have had or may now have up to the date of this Settlement Agreement, against Lech, II, as personal representative or administrator of the Estate and the Estate in connection with any relationship between Blain and the Estate which existed prior to or through the date of this Agreement.

B.   Releases by Lech II:

1)   Lech II, individually, (including, without limitation, his heirs, successors, and assigns, and anyone claiming by, through or under him), for and in consideration of the mutual promises referenced in this Agreement, the receipt of which is acknowledged by the parties, does fully remise, release, acquit, and forever discharge Blain, individually, (including, without limitation, her heirs, successors, and assigns, jointly and severally) from any and all rights, claims, demands, damages, actions, and causes of action, of any nature whatsoever, whether arising at law, in equity or in an administrative context, which Lech II, may have had and may now have up to the date of this Settlement Agreement, against Blain, in connection with any relationship between Lech II, and Blain

Initials:
_MB_      Marion Blain                        _____   Ronald W. Lech, II
_____   Melissa Hatfield

Settlement Agreement
Page Five

which existed prior to or through the date of this Agreement.

2) Lech II, as personal representative or administrator of the Estate and the Estate (including, without limitation, the Estate's successors, and assigns, and anyone claiming by, through or under the Estate), for and in consideration of the mutual promises referenced in this Agreement, the receipt of which is acknowledged by the parties, does fully remise, release, acquit, and forever discharge Blain, individually (including, without limitation, her heirs, successors, and assigns, jointly and severally) from any and all rights, claims, demands, damages, actions, and causes of action, of any nature whatsoever, whether arising at law, in equity or in an administrative context, which Lech II, as personal representative or administrator of the Estate and the Estate may have had, and may now have up to the date of this Settlement Agreement, against Blain, in connection with any relationship between Blain and the Estate, which existed prior to or through the date of this Agreement.

C. Releases by Melissa Hatfield:

1) Hatfield, individually, (including, without limitation, her heirs, successors, and assigns, and anyone claiming by, through or under her), for and in consideration of the mutual promises referenced in this Agreement, the receipt of which is acknowledged by the parties, does fully remise, release, acquit, and forever discharge Blain, individually (including, without limitation, her heirs, successors, and assigns, jointly and severally) from any and all rights, claims, demands, damages, actions, and causes of action, of any

Initials:
_MB_   Marion Blain
_____  Melissa Hatfield          _____ Ronald W. Lech, II

Settlement Agreement
Page Six

nature whatsoever, whether arising at law, in equity or in an administrative context, which Hatfield may have had and may now have up to the date of this Settlement Agreement, against Blain, in connection with any relationship between Hatfield and Blain which existed prior to or through the date of this Agreement.

2. **RELEASE OF STATE FARM**: Contemporaneously with the execution of this Agreement, the parties will execute a release in the form attached hereto as Exhibit A which the parties acknowledge directs State Farm to disburse the proceeds of the Policy, to be made payable and to the Siciliano Mychalowych Van Dusen and Feul Client Trust Account, for disbursement solely as directed by Lech II, and Hatfield. Blain releases any and all claims to the proceeds of the Policy.

3. **DISMISSAL OF ALL PENDING LITIGATION, WITH PREJUDICE**: Contemporaneously with the execution of this Agreement, the respective parties shall dismiss the Michigan state court case, the Federal case and any proceedings in the Michigan probate court case, and any and all pending litigation, with prejudice, with each party to bear their own costs and attorney's fees. The parties direct their counsel to enter Orders in the form of Exhibit B and Exhibit C.

4. **MODIFICATION**: Any modification of this Agreement must be in writing and signed by all parties to be enforceable.

5. **ATTORNEY'S FEES, COSTS AND SUIT MONEY**: Each party will be responsible for their own attorney's fees, costs and suit money.

Initials:
__*MB*__    Marion Blain                    _____    Ronald W. Lech, II
_____    Melissa Hatfield

Settlement Agreement
Page Six

nature whatsoever, whether arising at law, in equity or in an administrative context, which Hatfield may have had and may now have up to the date of this Settlement Agreement, against Blain, in connection with any relationship between Hatfield and Blain which existed prior to or through the date of this Agreement.

2. **RELEASE OF STATE FARM:** Contemporaneously with the execution of this Agreement, the parties will execute a release in the form attached hereto as Exhibit A which the parties acknowledge directs State Farm to disburse the proceeds of the Policy, to be made payable and to the Siciliano Mychalowych Van Dusen and Feul Client Trust Account, for disbursement solely as directed by Lech II, and Hatfield. Blain releases any and all claims to the proceeds of the Policy.

3. **DISMISSAL OF ALL PENDING LITIGATION, WITH PREJUDICE:** Contemporaneously with the execution of this Agreement, the respective parties shall dismiss the Michigan state court case, the Federal case and any proceedings in the Michigan probate court case, and any and all pending litigation, with prejudice, with each party to bear their own costs and attorney's fees. The parties direct their counsel to enter Orders in the form of Exhibit B and Exhibit C.

4. **MODIFICATION:** Any modification of this Agreement must be in writing and signed by all parties to be enforceable.

5. **ATTORNEY'S FEES, COSTS AND SUIT MONEY:** Each party will be responsible for their own attorney's fees, costs and suit money.

Initials:
_MB_         Marion Blain                      _____ Ronald W. Lech, II
_____   Melissa Hatfield

Settlement Agreement
Page Seven

6. **REMEDIES UPON DEFAULT:** In the event any party to this Agreement defaults in any obligations hereunder, the party in default shall be liable to the non-defaulting party for damages or specific performance of all obligations contained herein. Additionally, the defaulting party shall be liable to the non-defaulting party for all reasonable expenses incurred in enforcing this Agreement or the obligations created hereunder, including reasonable attorney's fees of whatever nature (including appellate and bankruptcy attorney's fees).

7. **INDEPENDENT LEGAL COUNSEL:** Each party has (or has been advised) to seek independent legal advice by counsel of his or her own selection in the negotiation of this Agreement. Each party fully understands the facts and has been informed fully as to his or her legal rights and obligations. Each party is signing the Agreement freely and voluntarily, intending to be bound by it.

8. **ENTIRE AGREEMENT:** Each party understands that this Agreement constitutes the entire agreement between the parties and supersedes any prior understandings or agreements made by them on the subjects covered in this Agreement.

9. **NECESSARY DOCUMENTS:** The parties hereto shall execute and deliver to the other party or their agents, any documents which may be required to carry out and accomplish the intention of this Agreement and each of the parties shall do all other necessary things to accomplish that end. If either party shall fail to comply with the provisions of this Agreement or any of the mandatory requirements contained herein,

Initials:
_MO_   Marion Blain                    _____   Ronald W. Lech, II
_____   Melissa Hatfield

Settlement Agreement
Page Eight

then this Agreement shall constitute an actual grant, assignment and conveyance of such property rights in such matters and with such force and effect as may be necessary.

10. **CONSTRUCTION AND VENUE:** In the event disputes arise concerning this Agreement, the parties agree that any of them may petition the Oakland County Circuit Court for recourse, which court shall have exclusive jurisdiction and venue in this matter.

11. **CHOICE OF LAW:** The laws of the State of Michigan shall govern the validity, construction, interpretation and effect of this Agreement.

12. **INTERPRETATION OF HEADINGS:** The headings of this Agreement are for the convenience of reference only and shall not affect the interpretation hereof.

13. **COUNTERPARTS:** This Agreement may be executed in counterparts, each of which shall be considered an original hereof.

14. **EFFECTIVE DATE:** This Agreement is effective as of the date of its execution by all parties as indicated below.

15. **SEVERABILITY:** In the event that any Court declares any provision of this Agreement to be unenforceable, the parties agree that the remaining provisions of this Agreement shall be enforced.

16. **OPPORTUNITY TO SEEK ADVICE FROM ACCOUNTANT:** The parties acknowledge by the execution of this Agreement that they have had the opportunity to have this document examined and/or reviewed by an independent

Initials:
__MO__   Marion Blain                    _____ Ronald W. Lech, II
_____   Melissa Hatfield

Settlement Agreement
Page Nine

accountant or certified public accountant of their own choice. The parties acknowledge by the execution of this Agreement that each party had or has had the opportunity to have an examination prepared by an independent accountant or certified public accountant of their own choice prior to the execution of this Agreement. The parties acknowledge that they have received no advice or opinion regarding the accounting or tax consequences from attorney James R. "Rusty" Franklin, Esquire of The Franklin Law Firm, P.A. (counsel for Blain), or Timothy R. Van Dusen of Siciliano Mychalowych Van Dusen and Feul (counsel for Lech II and Hatfield) which may arise as a result of the execution of this Agreement.

[SIGNATURE PAGES TO FOLLOW]

Initials:
_MB_  Marion Blain
_____ Melissa Hatfield

_____ Ronald W. Lech, II

Mar '20 08 02:51p   SMVF Law Office                                442-0518          p.11

## EXECUTION PAGE BY MARION BLAIN

Dated this 25 day of March, 2008.

_Maria Blai_
MARION BLAIN

BEFORE ME, the undersigned Notary Public, personally appeared MARION BLAIN, who [X] is personally known to me or [ ] produced _____ as identification, and who did take an oath.

DATED this 25 day of March, 2008.

(notarial seal)

JAMES RUSSELL FRANKLIN
MY COMMISSION # DD 440154
EXPIRES: October 12, 2009
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC
STATE OF FLORIDA
Printed Name: James Russell Franklin